IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-00043-BNB

LAUREN NETTINA,

    Plaintiff,

v.

U.S. BANCORP,
WELLS FARGO AND COMPANY,
JPMORGAN CHASE AND COMPANY, and
AMERICAN EXPRESS COMPANY,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

FEB 18 2010

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff, Lauren Nettina, attempted to initiate this action by submitting to the Court *pro se* a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, filed on January 4, 2010, and three motions, filed on January 8, 2010, titled "Motion for the Court to Refer to Other Civil Cases That Are Pertinent to This Case," "Motion for the Court to Assume Financial Responsibility for Case Copies to Fulfill the Court Use and Service of Process Requirements," and "Motion to Request Protection." The Court reviewed all four motions pursuant to Local Rule 8.1 of the Local Rules of Practice of this Court, and determined they were deficient. Therefore, in an order filed on January 8, Magistrate Judge Boyd N. Boland directed the clerk of the Court to commence a civil action and directed Ms. Nettina to cure certain deficiencies in the case within thirty days if she wished to pursue her claims.

The January 8 order pointed out that Ms. Nettina failed to submit a complaint on the proper, Court-approved form. The order also noted that the affidavit to the § 1915 motion was not notarized. The order warned Ms. Nettina that if she failed to cure the designated deficiencies within thirty days, the action would be dismissed without prejudice and without further notice.

On January 11, 2010, Ms. Nettina submitted three additional motions titled "Motion for the Court to Assume Financial Responsibility for the Notary Public Requirement on the Case Motion and Affidavit for Leave to Proceed," "Motion for the Court to Send Postal Mail to One Address," and "Motion for the Court to Issue an Opinion From Submitted Documents Prior to Receiving a Complaint."

On January 12, 2010, the Court entered a minute order denying all motions filed on January 8 and 11 except for the motion for the Court to send postal mail to one address, which was granted with the stipulation that the General Delivery mailing address for Plaintiff be listed as follows: Lauren Nettina, c/o General Delivery, 951 20th Street, Denver, CO 80202. The minute order did not address the pending § 1915 motion and affidavit. The minute order did request that Ms. Nettina refrain from filing unnecessary motions with the Court prior to the filing of her complaint. The minute order warned Ms. Nettina that failure to comply with this directive may result in the dismissal of the instant action.

In response to the January 12 minute order, Ms. Nettina filed seven additional motions titled "Motion for Financed Isolated Living," "Motion to Implement a Panel to Debate Cases That Impact the Federal Reserve," "Motion to Guard Against Department of Justice and Affiliate Virtual Activity," "Motion for the Court to Define 'Unnecessary

2

Motions' and Grant a Meeting With a Justice or Team of Justices," "Motion for the Court to Order Temporary to Permanent Restraining Orders," "Motion for the Court to Isolate Society and the Global Economy From Genius Level of Intelligence Because of the Lack of a Strategic Plan," and "Motion for the Court to Restore the Integrity of the Federal Court System and Notify the Local Court System of Similar Activity." Ms. Nettina has not, within the time allowed, cured the deficiencies designated in the January 8 order to cure.

The Court must construe Ms. Nettina's filings liberally because she is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. For the reasons stated below, the action will be dismissed.

This is the sixth civil action Ms. Nettina has initiated since September 2009. The prior five actions were dismissed for failure to cure by filing a complaint. *See Nettina v. N/A Civil Liberty Violation - Lease Agreement*, No. 09-cv-02134-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation - Use of Color and Pattern*, No. 09-cv-02135-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation*, No. 09-cv-02136-ZLW (D. Colo. Nov. 5, 2009); *Nettina v. N/A Civil Liberty Violation - Use of Texture, Contour, Shapes, Symbols & Size*, No. 09-cv-02185-ZLW (D. Colo. Nov. 5, 2009); and *Nettina v. N/A Civil Liberty Violation - Use of the Worldwide Web*, No. 09-cv-02186-ZLW (D. Colo. Nov. 5, 2009).

Ms. Nettina persists in her fruitless attempts to commence a civil action in federal court without the filing of a complaint. *See* Rule 3 of the Federal Rules of Civil Procedure. Although the Court is obliged to construe *pro se* pleadings liberally, *pro se* litigants must follow the same rules of procedure that govern other litigants. *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992). *Pro se* litigants are subject to the same minimum litigation requirements that bind all litigants and counsel before all federal courts. *See Kyler v. Everson*, 442 F.3d 1251, 1253 (10th Cir. 2006). Therefore, the action will be dismissed without prejudice for Ms. Nettina's failure, within the time allowed, to cure the designated deficiencies.

Ms. Nettina is warned that, if she perseveres in her attempts to initiate additional actions without complying with the Federal Rules of Civil Procedure and this Court's Local Rules of Practice, she may be enjoined from initiating any further actions in this Court without first seeking prior leave of Court. The Court has the power to enjoin litigants who abuse the judicial system. *See Tripati v. Beaman*, 878 F.2d 351 (10th Cir. 1989). Sanctions may be imposed under Fed. R. Civ. P. 11(c), even against a *pro se* plaintiff, if a pleading or other paper lacks "claims, defenses, and other legal contentions . . . warranted by existing law" and the "factual contentions" lack "evidentiary support." *See* Fed. R. Civ. P. 11(b) (imposing same standard on both attorneys and "unrepresented part[ies]). In order to comply with Rule 11 and avoid sanctions thereunder, a *pro se* party's actions must be objectively reasonable. *White v. Gen. Motors Corp.*, 908 F.2d 675, 683 (10th Cir. 1990). A pattern of groundless and vexatious litigation will justify an order enjoining a litigant from filing any claims

without first seeking prior leave of court.  **See Ketchum v. Cruz**, 961 F.2d 916, 921 (10th Cir. 1992); **Winslow v. Romer**, 759 F. Supp. 670, 677-78 (D. Colo. 1991); **Colorado ex rel. Colo. Judicial Dep't v. Fleming**, 726 F. Supp. 1216, 1221 (D. Colo. 1989).  A plaintiff has the right to notice and to oppose, in writing, the imposition of future restrictions.  **See Tripati**, 878 F.2d at 354.  Accordingly, it is

ORDERED that the action is dismissed without prejudice for failure to cure.  It is

FURTHER ORDERED that the motion for leave to proceed pursuant to 28 U.S.C. § 1915 is denied as moot.  It is

FURTHER ORDERED that any other pending motions are denied as moot.

DATED at Denver, Colorado, this 17th day of February, 2010.

BY THE COURT:

_____ for
PHILIP A. BRIMMER
United States District Judge
ZITA LEESON WEINSHIENK
Senior Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-00043-BNB

Lauren Nettina
General Delivery
951 20th Street
Denver, CO 80202

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 2/18/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk